UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART GERARDO,<br><br>   Petitioner,<br><br>   v.<br><br>MICHAEL STAINER, California Department of Corrections and Rehabilitation,<br><br>   Respondent. | No. 1:16-cv-00771-SKO HC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM COGNIZABLE IN A FEDERAL HABEAS ACTION**<br><br>**(Docs. 1 and 2)** |

### Screening Order

Petitioner Art Gerardo is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He seeks to set aside his validation as a prison gang member and confinement in a security housing unit ("SHU").

**I.      Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Procedural and Factual Background [2]

On May 26, 2009, California prison officials validated Petitioner as an active associate of the Mexican Mafia prison gang based on seven source items indicative of gang membership, as set forth in applicable state regulations. By December 2009, Petitioner was aware that his administrative challenge had been rejected as untimely. Petitioner then waited over four years before filing a state habeas petition. In the absence of any explanation for Petitioner's delay in seeking habeas relief, the Kings County Superior Court denied the petition as untimely on April 2, 1014.

On November 2, 2015, Petitioner filed a state habeas petition in the California Court of Appeal. The Court of Appeal summarily denied the petition on December 18, 2015. The California Supreme Court summarily denied the habeas petition on April 13, 2016.

On June 3, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III.    Procedural Complications

Petitioner's failure timely to pursue state habeas remedies raises multiple procedural issues, including the question of whether his claims were properly exhausted. Because the Court concludes that the federal petition fails to allege a cognizable federal claim, it need not analyze these issues. "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle v. Isaac*, 456 U.S. 107, 120 n. 19 (1982).

---

[2] Procedural and factual information is derived from the order of the Kings County Superior Court denying habeas relief as untimely. Because the California Court of Appeal and Supreme Court summarily denied review, this Court must "look through" the summary denial to the last reasoned decision, which is, in this case, the Superior Court's opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

**IV.     No Federal Jurisdiction Over Gang Validation**

Validation of an inmate as a member of a prison gang, properly referred to as a "security threat group," is a process governed by California state law. A security threat group (STG) is an "ongoing formal or informal organization, association, or group of three or more persons which has a common name or identifying sign or symbol whose members and/or associates, individually or collectively, engage or have engaged, on behalf of that organization, association, or group, in two or more acts which include[] planning, organizing, threatening, financing, soliciting or committing unlawful acts, or acts of misconduct." Cal. Code Regs. Tit. 15, § 3000. Validation is the formal and objective process for identifying and documenting STG affiliates in California state prisons. Cal. Code Regs. Tit. 15, §§ 3000; 3378.2. Source items for validation may include symbols distinctive to specific STGs, association, informants, debriefing reports, written materials, photographs, staff information, other agency information, visitors, communication, self-admission, offenses, tattoos or other body markings, and legal documents. Cal. Code Regs. Tit. 15, § 3378.2. Each category of source item is assigned a points value by which it is weighted to permit an objective assessment in the validation process. Cal. Code Regs. Tit. 15, § 3378.2. The record indicates that Petitioner's validation was predicated on seven source items.

In a federal habeas action, Petitioner bears the burden of alleging specific facts showing that a federal right is involved. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977). In his claim, Petitioner fails to allege these facts and merely challenges the sufficiency of the evidence to satisfy California's validation requirements.

"It is not the province of a federal court to reexamine state court determinations of state law questions." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Because Petitioner's claim that he was improperly validated as a member of a STG is a state law claim, it is not cognizable in a federal habeas petition.

3

### V. **Legality of Confinement in the SHU**

Petitioner contends that he has been illegally confined in the SHU as a result of his STG validation. In addition to lacking jurisdiction over the validation process, this Court also lacks jurisdiction over the administration of state prisons pursuant to state laws, regulations, and procedures. *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973).

"Federal courts do not sit to supervise state prisons, the administration of which is acute interest to the states." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

An inmate does not have a liberty interest in remaining free of disciplinary segregation. *Id. See also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("(T)he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"); *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *overruled in part on other grounds by Sandlin*, 515 U.S. 472 ("[P]rison officials have broad administrative and discretionary authority over the institutions the manage and . . . lawfully incarcerated persons retain only a narrow range of protected liberty interests"). The Court lacks jurisdiction to address this issue.

### VI. **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

///

>  (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>  (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B)  the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction to address state law issues to be debatable or wrong, or the petition to be deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

///

///

**VII.    Conclusion and Order**

Accordingly, it is hereby ORDERED:

(1)  The petition for writ of habeas corpus is DISMISSED for failure to state a cognizable claim;

(2)  The Court declines to issue a certificate of appealability; and

(3)  The Clerk of Court is directed enter judgment for Respondent and close the case.

IT IS SO ORDERED.

Dated:   **July 19, 2016**                             /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE